IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KENNETH J. OLSON

    Plaintiff,

v.                                                                            1:22-cv-00864-DHU-LF

NEW MEXICO DEPARTMENT OF PUBLIC SAFETY,

    Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on pro se plaintiff Kenneth Olson's Motion for Summary Judgment and Brief Summary of the Evidence and Legal Principles that, in Plaintiff's View Establishes Liability ("Brief Summary"), filed on July 31, 2023. Docs. 32, 33. Defendant New Mexico Department of Public Safety ("NMDPS") filed its response on August 17, 2023. Doc. 42. Mr. Olson did not file a reply, and the time to do so has now passed. *See* D.N.M.LR-Civ. 7.4(a) (a reply must be served and filed within fourteen (14) calendar days after service of the response). The Honorable District Judge David Urias referred this case to me "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." Doc. 46. Having read the parties' briefing and being fully advised, I find that the motion is not well taken, and I recommend that the Court DENY it.

I. **Background Facts**

Mr. Olson is retired from NMDPS. *See* Doc. 1-1 at 2. Mr. Olson alleges that NMDPS violated his civil rights by conducting an internal affairs investigation while he was on leave under the Family and Medical Leave Act ("FMLA"). The investigation resulted in "bad standing" with the department which changed his retirement credentials such that he no longer

met the criteria for "duty disability retirement." *Id*. Mr. Olson alleges that the investigation violated his civil rights under the United States Constitution and the New Mexico State Constitution because he was denied the opportunity to confront or cross examine witnesses, present evidence, or be present at trial. *Id*.

In his motion,[1] Mr. Olson contends that the statue of limitations is three years, rather than two years, and he filed his complaint within three years of discovering that he was in "bad standing." Doc. 32. Defendant responds that Mr. Olson's lawsuit is barred by the applicable statute of limitations, and that summary judgment cannot be granted on Mr. Olson's motion. Doc. 42.

## II. Legal Standard for Summary Judgement

Summary judgment will be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED R. CIV. P. 56(a). A fact is "material" if under the substantive law it could affect the outcome of a lawsuit, and an issue is "genuine" if a rational juror could find in favor of the nonmoving party on the evidence presented. *Adams v. Am. Guarantee & Liab. Ins. Co.*, 233 F.3d 1242, 1246 (10th Cir. 2000).

The movant bears the initial burden of establishing that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *Celotex Corp. v.*

---

[1] Mr. Olson's motion is entitled "Motion for Summary Judgment," but it reads more like a response to NMDPS's motion for summary judgment. *See* Doc. 32 (discussing the statute of limitations argument in NMDPS' motion). On July 27, 2023, NMDPS filed a motion for summary judgment arguing that Mr. Olson's complaint should be dismissed because the statute of limitations had expired in July of 2022. Doc. 28. On August 17, 2023, after Mr. Olson filed his motion for summary judgment, NMDPS withdrew its motion. Doc. 41. Because NMDPS has withdrawn its motion, the Court will address Mr. Olson's motion as a motion for summary judgment rather than construing it as a response to NMDPS' motion for summary judgment.

*Catrett*, 477 U.S. 317, 323–24 (1986).  If this burden is met, the non-movant must come forward with specific facts, supported by admissible evidence, which demonstrate the presence of a genuine issue for trial.  *Id*. at 324.  The non-moving party cannot rely upon conclusory allegations or contentions of counsel to defeat summary judgment.  *See Pueblo Neighborhood Health Ctrs., Inc. v. Losavio*, 847 F.2d 642, 649 (10th Cir. 1988).  Rather, the non-movant has a responsibility to "go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to [his] case in order to survive summary judgment." *Johnson v. Mullin*, 422 F.3d 1184, 1187 (10th Cir. 2005) (alteration in original) (internal quotation marks omitted).

### III. Discussion

Mr. Olson does not meet his initial burden of establishing that there is no genuine issue as to any material fact.  Although the Court will liberally construe a pro se plaintiff's filings and hold them to less stringent standards than that of a lawyer, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), this district has long insisted that pro se parties follow the same rules of civil procedure as any other litigant.  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Rule 56(c) provides that "a party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . .; or (B) showing that materials cited do not establish the absence or presence of a genuine dispute or that an adverse party cannot produce admissible evidence to support the fact."  FED. R. CIV. P. 56(c).  This district's local rules require that a party moving for summary judgment "must set out a concise statement of all of the material facts as to which the movant contends no genuine issue exists.  The facts must be **numbered** and must refer with particularity to those

portions of the record upon which the movant relies." D.N.M.LR-Civ. 56.1(b) (emphasis in original).

    Mr. Olson offers two numbered "undisputed material facts" in his motion:

1. Defendant[] wants to dismiss civil rights suit because of statute of limitation for 2 years per New Mexico section 1983; and

2. Per section New Mexico Section 1983, I discovered on July 1, 2020 that my civil rights were violated during a New Mexico State Police internal affairs investigation. DPS failed to provide me the protection under the U.S. [C]onstitution and Bill of Rights, for violating my rights to confront witnesses, and the right to be present at trial.

Doc. 32 at 1. Mr. Olson does not cite any evidentiary support for either of these "facts" or refer with particularity to those portions of the record upon which he relies. In his "Brief Summary," Mr. Olson reiterates the allegations contained in his complaint but does not offer any evidentiary support for any of the facts alleged.[2] *See* Doc. 33. Consequently, Mr. Olson cannot satisfy his initial burden of establishing that there is no genuine dispute of material fact, and summary judgment must be denied.

---

[2] A plaintiff's complaint may be treated as an affidavit if it alleges facts based on the plaintiff's personal knowledge and has been sworn under penalty of perjury. *Hall*, 935 F.2d at 1111. The Tenth Circuit has held that a "verified complaint may be treated as an affidavit for purposes of summary judgment if it satisfies the standards for affidavits set out in Rule 56 of the Federal Rules of Civil Procedure." *Vette v. K-9 Unit Deputy Sanders*, 989 F.3d 1154, 1163 (10th Cir. 2021) (internal citation and quotations omitted). Rule 56 provides that "[a]n affidavit or declaration used to support or oppose a [summary judgment] motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." FED. R. CIV. P. 56(c)(4). A "verification" must include an attestation that the person making the statement declares (or certifies, verifies, or states) "under penalty of perjury that the foregoing is true and correct." 28 U.S.C. § 1746. It must include the date of execution and a signature. *Id*. Mr. Olson's complaint does not contain the language necessary for the Court to consider it "verified." While it is signed and dated, there is no statement that the facts contained in the complaint are made "under penalty of perjury that the forgoing is true and correct." *See* Doc. 1-1 at 3. The Court cannot treat the allegations in the complaint as verified and therefore cannot treat the complaint as evidentiary material for summary judgment purposes.

As an aside, in civil litigation, the statute of limitations generally is an affirmative defense. *State v. Kerby*, 2007–NMSC–014, ¶ 13, 141 N.M. 413, 417, 156 P.3d 704, 708. If a defendant raises a limitations statute as a defense in a motion for summary judgment or a motion to dismiss, the defendant bears the initial burden of making a prima facie showing that plaintiff's claim is time-barred. *See Solorzano v. Bristow*, 2004-NMCA-136, ¶ 15, 136 N.M. 658, 662, 103 P.3d 582. 586 (discussing the moving party's burden in seeking summary judgment against the plaintiff on the affirmative defense of suicide); *Romero v. Philip Morris Inc.*, 2010-NMSC-035, ¶ 10, 148 N.M. 713, 721, 242 P.3d 280, 288 (stating that the moving party has the initial burden of establishing a prima facie case for summary judgment). If a defendant meets its initial burden, the burden then shifts to the plaintiff to show why his or her claim is not time-barred. *See Butler v. Deutsche Morgan Grenfell, Inc.*, 2006-NMCA-084, ¶ 28, 140 N.M 111, 118, 140 P.3d 532, 539 ("When a defendant makes a prima facie showing that a claim is time barred, a plaintiff attempting to invoke the discovery rule has the burden of 'demonstrat[ing] that if [he or] she had diligently investigated the problem [he or] she would have been unable to discover' the facts underlying the claim.") (quoting *Martinez v. Showa Denko, K.K.*, 1998-NMCA-111, ¶ 22, 125 N.M. 615, 621, 964 P.2d 176, 182); *see also Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980) (stating that where the dates in the complaint show that the right sued upon has been extinguished, the plaintiff bears the burden of establishing a factual basis for tolling the statute of limitations, and "[s]tatute of limitations questions may, therefore, be appropriately resolved on a [Rule 12(b)] motion").

Here, NMDPS withdrew its motion for summary judgment based on its statute of limitations defense. *See* Docs. 28, 41. To the extent that NMDPS may have expected the Court to treat its response as a cross motion for summary judgment, I recommend that the Court

decline to do so.  The Court cannot consider NMDPS' response as a cross-motion for summary judgment for several reasons.  First, under D.N.M.LR-Civ. 7.1, "[a] motion must be in writing and state with particularity the grounds and the relief sought."  NMDPS's response only asks the Court to deny Mr. Olson's motion for summary judgment and does not request that the Court grant summary judgment in its favor or dismiss Mr. Olson's lawsuit based on the statute of limitations.  Doc. 43 at 5.  Second, NMDPS's response does not satisfy the standard for a motion for summary judgment pursuant to Rule 56.  For example, NMDPS's response does not set out a concise statement of all of the material facts as to which the movant contends no genuine issue exists, that are numbered and that refer with particularity to those portions of the record upon which NMDPS relies.  *See generally* Doc. 43; D.N.M.LR-Civ. 56.1(b).  Third, it is procedurally improper to seek affirmative relief in a response brief.  *Burgess v. Daniels*, No. 13-cv-02191-PAB-CBS, 2014 WL 4698773, at *12 n.5 (D. Colo. Sept. 22, 2014) (unpublished); *see also Doe v. Intermountain Healthcare, Inc.*, No. 18-CV-807-RJS-JCB, 2023 WL 5395526, at *30 (D. Utah Aug. 22, 2023) (unpublished) ("[R]equests for relief cannot be raised in a response to a motion."); *cf. Ordos City Hawtai Autobody Co., Ltd. v. Dimond Rigging Co., LLC*, 695 F. App'x 864, 870 (6th Cir. 2017) ("Rule 56(f) empowers a court to grant summary judgment for a nonmoving party; it does not permit a party to move for summary judgment in a responsive pleading.").

At this point, because NMDPS has not moved for summary judgment based on the statute of limitations, Mr. Olson does not yet have the burden of demonstrating either that he timely filed his complaint, or that his claim is not time-barred for some other reason.  Thus, although I recommend that the Court deny Mr. Olson's motion, my recommendation has no bearing on

6

whether Mr. Olson's claim is, in fact, time-barred.  That issue is not properly raised by NMDPS's response to Mr. Olson's motion.

A. Recommendation

For the reasons stated above, I recommend that the Court DENY Mr. Olson's Motion for Summary Judgment.

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  Written objections must be both timely and specific.** *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, **73 F.3d 1057, 1060 (10th Cir. 1996).  A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  Failure to file timely and specific objections will result in waiver of** *de novo* **review by a district or appellate court.** *Id*.  **In other words, if no objections are filed, no appellate review will be allowed.**

_____
Laura Fashing
United States Magistrate Judge